1   **WO**

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT

7                  FOR THE DISTRICT OF ARIZONA

8                              )
9   Rebecca Jean Burt,           )
                                 )   CV 12-2712-PHX-JAT
10          Plaintiff,           )
                                 )   **ORDER**
11  vs.                          )
                                 )
12  Goodwill Industries of Central Arizona, )
                                 )
13          Defendant.           )
                                 )
14  _____  )

15      On June 16, 2014, Plaintiff filed a motion for substitution of Judge.  As a result of that

16  motion, this Court issued the following order:

17          Plaintiff has filed a "motion for substitution of judge with affidavit."
    Doc. 40.  Although the title says "with affidavit" the document does not
18  actually contain an affidavit.  Further, the document starts at paragraph 3, so
    it is possible some pages were not included.

19
          28 U.S.C. § 144 applies when a party to a proceeding believes that the
20  district judge "has a personal bias or prejudice either against him or in favor
    of any adverse party[.]" 28 U.S.C. § 144.  "Section 144 expressly conditions
21  relief upon the filing of a timely and legally sufficient affidavit." *United States
    v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980) (citations omitted).  Specifically,
22  the statute provides:

23          The affidavit shall state the facts and the reasons for the belief
            that bias or prejudice exists, and shall be filed not less than ten
24          days before the beginning of the term at which the proceeding
            is to be heard, or good cause shall be shown for failure to file it
25          within such time.  A party may file only one such affidavit in
            any case. ...
26
    28 U.S.C. § 144.  When a party files a timely and legally sufficient affidavit
27  pursuant to section 144, the district judge "shall proceed no further therein, but
    another judge shall be assigned to hear such proceeding." *Id.*; *Sibla*, 624 F.2d
28  at 867. However, "if the motion and affidavit required by section 144 [are] not

1   presented to the judge, no relief under section 144 is available." *Sibla*, 624
F.2d at 868.

2

3           As mentioned above, in this case Plaintiff failed to attach an affidavit.
Further, Plaintiff failed to show why this motion was not filed within ten days
of the case being assigned to the undersigned. The Court will give Plaintiff ten

4   days to supplement her motion to cure these deficiencies. If Plaintiff fails to
file the supplement, or files a supplement that does not cure the deficiencies,

5   the motion will be denied as procedurally defective.

6           Accordingly,

7           **IT IS ORDERED** that Plaintiff has leave to file a supplement to her
motion (Doc. 40) within 10 days. Defendant's deadline to respond shall run

8   from the filing of the supplement, if any.

9   Doc. 42.

10          Thereafter, Plaintiff filed another motion for substitution of Judge. Doc. 43. As

11  Defendant points out in its response (Doc. 47), the motion is still procedurally defective.

12  Accordingly, it will be denied for this reason. Alternatively, it is also untimely. The Court

13  finds that Plaintiff's justifications do not excuse the untimeliness. Thus, the motion is denied

14  for this alternative reason.

15          Finally, the Court has considered its duties under 28 U.S.C. § 455 and finds that

16  recusal is not required. For all of the foregoing reasons, the motion for substitution of judge

17  will be denied.

18          While this motion was pending, Defendant moved for summary judgment. Doc. 45.

19  The time for Plaintiff to respond to the motion has expired, and Plaintiff has not filed a

20  response. Nothing about the pendency of the motion for substitution of judge motion gave

21  Plaintiff an extension of time to respond to the motion for summary judgment. Nonetheless,

22  out of an abundance of caution that Plaintiff may have mistakenly believed that she did not

23  have to respond to the motion for summary judgment while the motion for substitution of

24  judge was pending, the Court will give Plaintiff a brief extension of this expired deadline.

25  If Plaintiff fails to respond within this new deadline, the Court will dismiss this case for

26  failure to prosecute and failure to comply with a Court order. *See* Fed. R. Civ. P. 41(b).

27          Based on the foregoing,

28
                                         - 2 -

1

**IT IS ORDERED** that the motion for substitution of judge (Doc. 40 as supplemented

2   by Doc. 43) is denied.

3

**IT IS FURTHER ORDERED** that Plaintiff shall respond to Defendant's pending

4   motion for summary judgment (Doc. 45) by September 5, 2014.

5

DATED this 26th day of August, 2014.

6

7

8

James A. Teilborg

9   Senior United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28